Eastern Dis.
*June*, 1841.

KENDRICK'S
HEIRS
*vs.*
KENDRICK.

## KENDRICK'S HEIRS *vs.* KENDRICK.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF ST. HELENA.

In an action to remove an administrator for misconduct or mal-administration, it is not necessary, that all the heirs of the estate under administration join in the suit; such removal may be prayed for by any of the heirs.

This is an action by a portion of the heirs of the succession of Wm. Kendrick, deceased, praying that his widow, the defendant, be removed from her office as administratrix of said succession, on account of her great delay in the settlement and payment of the debts of the same, and for her incapacity to administer said estate.

The defendant, by her counsel, excepted to the petition, because *all of the heirs* of the succession of Wm. Kendrick did not join in the action; setting forth the names of those who were omitted.

KENDRICK'S
HEIRS
*vs.*
KENDRICK.

The judge of probates, on hearing the parties, sustained the exception, and dismissed the suit. The plaintiffs appealed.

*Sheafe,* argued this case *ex parte* for the plaintiffs and appellants.

*Martin, J.,* delivered the opinion of the court.

This is an action, in which the plaintiffs seek the removal of the defendant, as administratrix of the estate of their ancestor, and as tutrix of some of the heirs who are minors, on account of excessive delay and mis-management of her administration. The plaintiffs are appellants from a judgment sustaining her exception, on the ground that all the heirs have not joined and been made parties; and dismissing the suit.

The court, in our opinion, erred. The Code of Practice, art. 1015, makes it the duty of the judge of probates *ex officio*, to take measures for the removal of a tutor, on the information of his misconduct, given to him by any person. And art. 1018 declares, that "the removal of curators of vacant estates or absent heirs, and that of testamentary executors, *or other administrators*, may be prayed for by *any heir*, &c." There was therefore no necessity for all the heirs joining in an application of this kind.

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates be annulled, avoided and reversed: and that the cause be remanded for further proceedings according to law, the defendant and appellee paying the costs of the appeal.

In an action to remove an administrator for misconduct or mal-administration, it is not necessary, that all the heirs of the estate under administration join in the suit; such removal may be prayed for by any of the heirs.